**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4657**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JAMAAL ANTONIO ROBERTSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:15-cr-00012-NCT-1)

Submitted:  September 30, 2016                    Decided:  May 26, 2017

Before GREGORY, Chief Judge, and WYNN and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamaal Antonio Robertson appeals his conviction and 59-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, Robertson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but questioning whether (1) the indictment was defective; (2) Robertson's plea was knowing and voluntary; and (3) Robertson's sentence was reasonable. Robertson was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is supported by an independent factual basis and not the result of force, threats, or promises outside the plea agreement. Fed. R. Crim. P. 11(b)(2), (3).

Because Robertson did not move to withdraw his guilty plea or otherwise preserve error in the plea proceedings, we review his plea colloquy for plain error. *United States v. Massenburg*, 564 F.3d 337, 342 (4th Cir. 2009). To establish plain error, Robertson must demonstrate that the district court erred, the error was plain, and the error

2

affected his substantial rights. *Henderson v. United States*, 133 S. Ct. 1121, 1126 (2013). In the guilty plea context, an error affects a defendant's substantial rights if he demonstrates "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Aplicano–Oyuela*, 792 F.3d 416, 427 (4th Cir. 2015) (alteration and internal quotation marks omitted). Even if these requirements are met, we will "exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

Our review of the record reveals that the district court substantially complied with the requirements of Rule 11 in conducting the plea colloquy. While the court made several minor omissions during the colloquy, *see* Fed. R. Crim. P. 11(b)(1)(D), (J), (K), (O), the record provides no basis to conclude that these errors affected Robertson's substantial rights. *See Aplicano-Oyuela*, 792 F.3d at 427. Because the court ensured that the plea was knowing, voluntary, and supported by an independent factual basis, we find the plea valid and enforceable.[*]

We review Robertson's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 46 (2007). We first ensure that the court "committed no significant procedural error," such as improper

---

[*] To the extent Robertson challenges the indictment, defects in an indictment are not jurisdictional, *United States v. Cotton*, 535 U.S. 625, 631 (2002), and Robertson's valid guilty plea waived this alleged non-jurisdictional defect. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993).

calculation of the Sentencing Guidelines, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation for the sentence imposed. *United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted). If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51. We presume that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Robertson bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, the district court properly calculated the Sentencing Guidelines range, considered the parties' arguments, and provided a reasoned explanation for the sentence it imposed. Although the court did not expressly state its consideration of the § 3553(a) factors, given the court's individualized assessment in this case, and its clear reliance on the need to protect the public and deterrence, we conclude that Robertson's sentence is procedurally reasonable. *See Rita v. United States*, 551 U.S. 338, 359 (2007) ("Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."); *Lynn*, 592 F.3d at 584 ("[A] district court's explanation of its sentence need not be lengthy, but the court must offer some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." (internal quotation marks and emphasis

4

omitted)). Further, Robertson fails to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Robertson, in writing, of the right to petition the Supreme Court of the United States for further review. If Robertson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robertson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*